# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**REGINALD K. WATSON JR.**                                                             **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:18CV-P233-JHM**

**SOUTHERN HEALTH PARTNERS** *et al.*                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Reginald K. Watson Jr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the claims against the named Defendants and allow Plaintiff an opportunity to file an amended complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee in the Hardin County Detention Center (HCDC). He brings suit pursuant to 42 U.S.C. § 1983 against Southern Health Partners (SHP) and Carmen Blackburn, identified as "medical team administrator" at HCDC, in their individual and official capacities. Plaintiff alleges that he is being denied medication for bipolar disorder, depression, and anxiety and asserts state-law claims of medical malpractice and emotional distress. As relief, Plaintiff specifically seeks damages, but the Court liberally construes his complaint as also seeking injunctive relief in the form of directing he be provided mental health treatment and/or medication.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

At the outset, while Plaintiff specifically alleges state-law claims of medical malpractice and emotional distress, the Court construes the § 1983 complaint as also alleging a Fourteenth Amendment claim of deliberate indifference to a serious medical need.[1]

### A. Section 1983 claims against SHP and Defendant Blackburn in her official capacity

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, the official-capacity claim against Defendant Blackburn, to the extent that she is employed by HCDC, is brought against Hardin County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, like Hardin County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v.*

---

[1] The Fourteenth Amendment, not the Eighth Amendment, applies to Plaintiff's claims because he is a pretrial detainee, not a convicted prisoner. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees."); *see also id.* at 938 n.3 (noting that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), may abrogate the subjective intent requirement of a pretrial detainee's deliberate indifference claim).

*City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

To the extent that Defendant Blackburn may be employed by SHP, her official-capacity claim is against Defendant SHP. The same municipal-liability analysis applies to § 1983 claims against a private corporation like SHP.[2] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.* at 817; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

---

[2] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). SHP apparently has contracted with HCDC to provide medical services to the inmates. Thus, on initial review of the complaint, the Court presumes that SHP is a state actor.

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of either Hardin County or SHP. Nothing in the complaint demonstrates that the action or inaction of any personnel occurred as a result of a policy or custom implemented or endorsed by either Hardin County or SHP. The complaint, therefore, fails to establish a basis of liability against Hardin County and SHP and fails to state a cognizable § 1983 claim against them. For these reasons, the claims against Defendant SHP and Defendant Blackburn in her official capacity will be dismissed.

### B. Section 1983 claim against Defendant Blackburn in her individual capacity

"It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation[.]" *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights."). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema*

5

*N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

Plaintiff only lists Defendant Blackburn as a Defendant in the caption and parties section of the complaint form. He does not state any allegations against her in the statement-of-claims section of the complaint or state how she was directly involved in any of the alleged wrongdoing. Plaintiff, therefore, fails to state any claim against Defendant Blackburn in her individual capacity.

However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Thus, before dismissing the individual-capacity claim against Defendant Blackburn, the Court will allow Plaintiff an opportunity to amend his federal and state-law claims of denied mental health treatment and/or medication to describe the facts surrounding how Defendant Blackburn allegedly violated his rights. The Court further will allow Plaintiff to amend his complaint to name as Defendants in their individual capacities any other persons who allegedly violated his rights and to describe the facts detailing what each Defendant allegedly did to violate his rights.

### IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against Defendants SHP and Defendant Blackburn in her official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint** to describe the facts surrounding how Defendant Blackburn allegedly violated his rights; to name as Defendants in their individual capacities any other persons who allegedly violated his rights; and to describe the facts detailing what each Defendant allegedly did to violate his rights.

**The Clerk of Court is DIRECTED** to send Plaintiff a *Pro Se* Prisoner Handbook and to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint. The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the federal claims for the reasons stated herein and dismissing the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3)** ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Date: October 3, 2018

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Hardin County Attorney
4414.005